IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Frank Terrance Singleton, III, | ) | C/A No.: 1:11-2299-RMG-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Alvin S. Glenn Detention Center; | ) | |
| Director Myers, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is a pretrial detainee incarcerated at the Alvin S. Glenn Detention Center ("ASGDC") and brings this action against the ASGDC Director alleging violations of 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

On June 17, 2011, Plaintiff fell and injured himself at the ASGDC. [Entry #1 at 3]. Plaintiff slipped in water, which had allegedly leaked from "stopped up drain pipes" in the showers onto the stairs leading to the shower area. *Id.* Plaintiff lost consciousness after his fall and was transported to the local hospital for treatment. *Id.* Plaintiff alleges he was severely bruised and continues to experience headaches. *Id.* at 4. Upon return to

ASGDC, a doctor indicated that Plaintiff should be placed "in 24 hour lockdown SHU for medical hold." *Id*. Plaintiff alleges he was put "in the lockdown shower for an hour," and then handcuffed and taken to a room that was "not a medical room." *Id*. Plaintiff complains that he experienced pain while standing in the lockdown shower and that the handcuffs caused pain to his injured hand. *Id*. Plaintiff alleges the night staff walked him, without handcuffs, to a medical room sometime later in the evening. *Id*. Plaintiff states that the medical room did not have a working sink, and he had no access to running water for "two weeks and 4 days." *Id*. at 5. Plaintiff was provided juice and water at each meal and each time he "had to take medication." *Id*. Plaintiff also indicates that a nurse asked janitors to repair the sink in Plaintiff's room, but the repairs were not completed. *Id*. at 4–5. Finally, Plaintiff alleges that he was not allowed to contact his family. *Id*. at 5.

II.     Discussion

    A.     Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31

(1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff's first claim regards his injury resulting from a slip and fall on wet stairs at ASGDC. To the extent Plaintiff is attempting to allege deliberate indifference to his health and/or safety, Plaintiff's

complaint provides insufficient facts to state such a clam.[1]  Deliberate indifference is a very high standard, which requires more than a showing of mere negligence.  *See Estelle v. Gamble*, 429 U.S. 97, 105–106 (1976).   Deliberate indifference also requires "more than ordinary lack of due care for the prisoner's interests or safety."  *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *see also Farmer v. Brennan*, 511 U.S. 825, 835–836 (1994).  Based on these precedents, the issue is whether an inmate, who has suffered injury, has alleged that the prison official "wantonly and obdurately failed to take precautions for his safety in deliberate indifference to a specific known risk of harm . . . ."  *Ruefly v. Landon*, 825 F.2d 792, 793 (4th Cir. 1987).  Plaintiff provides no facts to demonstrate that Defendants were aware of the wet condition of the stairs, or that they failed to take precautions for Plaintiff's safety.  Plaintiff also provides insufficient facts to state a claim for deliberate indifference to his medical needs after his fall, as ASGDC employees secured medical attention for him at a local hospital within an hour.  [Entry #1 at 3].

At best, Plaintiff's allegations concerning his injury on the stairs may be construed as a claim of negligence.  However, the law is well-settled that negligence, in general, is not actionable under 42 U.S.C. § 1983.  *See Daniels v. Williams*, 474 U.S. 327, 328–336 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345–348 (1986); *Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995) (*Daniels* bars an action under § 1983 for negligent conduct); *Ruefly v. Landon*, 825 F.2d at 793–794.

---

[1] To the extent that Plaintiff is a pretrial detainee, his claims are governed by the Fourteenth Amendment, not the Eighth Amendment. *See Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990).

Next, the complaint may be liberally construed to allege a claim of cruel and unusual punishment. The constitutional prohibition against the infliction of cruel and unusual punishment "'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of [a constitutional] violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (citation omitted). To prevail on a claim of cruel and unusual treatment, a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was sufficiently serious; and (2) that subjectively the prison officials acted with a sufficiently culpable state of mind. *Johnson v. Quinones*, 145 F. 3d 164, 167 (4th Cir. 1998).

Petitioner alleges that he was not immediately placed in a medical room upon his return from the hospital, and that ASGDC employees caused him unnecessary pain by placing him in handcuffs and in a "lockdown shower" for one hour.  Plaintiff further complains that his medical room lacked running water in the sink for over two weeks. However, the complaint also states that an ASGDC employee attempted to have the sink repaired and that Plaintiff was provided juice and water at each meal and every time he required medication. [Entry #1 at 4–5]. Thus, while Plaintiff was inconvenienced by the broken sink, he fails to show a deprivation of any basic human need by the defendants or any ASGDC employee.  Further, while Plaintiff believes he was treated too harshly upon his return to the ASGDC, his allegations do not rise to the level of cruel and unusual

punishment. In any event, Plaintiff fails to name the individual directly responsible for his alleged mistreatment as a defendant in this case.

In fact, Plaintiff failed to name any defendants in the complaint's caption or "parties" section. However, Plaintiff did provide a service document indicating that he intended one party to be served in this case, defendant ASGDC Director Myers. [Entry #3].[2] A plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See Karafiat v. O'Mally*, No. 02-3992, 2002 WL 31845135, at **1 (6th Cir. Dec. 17, 2002); *Lucas v. Ruth*, C/A No. 1:10-2456-TLW-SVH, 2011 WL 1831754 at *3 (D.S.C. Feb. 15, 2011). Although the court must liberally construe the *pro se* complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989). He must allege facts that support a claim for relief. *Bass v. E.I.DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). Plaintiff fails to provide any factual allegations to indicate that defendant Myers was personally involved in the events giving rise to this case. The complaint's general claims, absent any personal allegations, are insufficient to state a claim under § 1983 against Defendant Myers.

---

[2] Plaintiff also listed the Alvin S. Glenn Detention Center on the Form USM-285. Therefore, this facility was also added to the court's docket as a defendant in this case.

To the extent Plaintiff seeks to hold defendant Myers liable in his supervisory capacity, Plaintiff's claim is also subject to summary dismissal. While supervisory officials may be held liable, in some circumstances, for constitutional injuries inflicted by their subordinates, *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994), certain criteria must be met before such liability can attach. The plaintiff must show that the supervisory official was (1) actually or constructively aware of a risk of constitutional injury, (2) deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999). Plaintiff's Complaint contains no facts regarding Myers which would satisfy the above criteria. As Plaintiff fails to establish that Myers is liable in an individual or supervisory capacity, the Complaint against him should be dismissed.

Finally, to the extent Plaintiff is attempting to sue the ASGDC itself, it is well-settled that only "persons" may act under color of state law. Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law. *See Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that a detention center is not amenable to suit under § 1983). As a facility used primarily to house pretrial detainees, the ASGDC is not a "person" amenable to suit under § 1983. Therefore, if Plaintiff intended to name this entity as a defendant, the ASGDC is entitled to summary dismissal.

III.    Conclusion

Accordingly, it is recommended that the district judge dismiss the complaint in the above-captioned case without prejudice and without issuance of service of process.

IT IS SO RECOMMENDED.

*[signature]*

October 4, 2011                                             Shiva V. Hodges
Florence, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**