UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Frank Terrance Singleton, III, | ) | Civil Action No. 1:11-2299-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Alvin S. Glenn Detention Center; | ) | |
| Director Myers, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is a pretrial detainee incarcerated at the Alvin S. Glenn Detention Center ("ASGDC") and brings this action pursuant to 42 U.S.C. § 1983. This case was automatically referred to the United States Magistrate Judge for pretrial proceedings pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) DSC. On October 4, 2011, the Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's complaint be dismissed due to Plaintiff's failure to state a claim for which relief may be granted. (Dkt. No. 15). The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Notwithstanding these instructions from the Magistrate Judge, Plaintiff did not file any objections to the Report and Recommendation. As explained herein, this Court has reviewed the record and agrees with the Magistrate Judge's Report and Recommendation. Thus, the Court adopts the Magistrate's Order as the Order of this Court.

1

## LAW/ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

To state a cognizable claim under 42 U.S.C. § 1983, Plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Plaintiff alleges that he slipped and fell on wet stairs outside the ASGDC showers. (Dkt. No. 1 at 3-4). Plaintiff also alleges that he was not immediately placed in a medical room upon his return from the hospital, and that ASGDC employees caused him unnecessary pain by placing him in handcuffs and also by putting him in a "lockdown shower" for too long. (*Id.* at 4). Finally, Plaintiff alleges that his room did not have running water in the sink for two weeks, but that he was provided water when he needed it. (*Id.* at 5).

Plaintiff's allegations do not rise to the level of a constitutional violation. To show deliberate indifference, a plaintiff must show "more than ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *see also Farmer v.*

2

*Brennan*, 511 U.S. 825, 835–36 (1994). A plaintiff must show that a prison official "wantonly and obdurately failed to take precautions for his safety in deliberate indifference to a specific known risk of harm . . . ." *Ruefly v. Landon*, 825 F.2d 792, 793 (4th Cir. 1987). As explained in the Magistrate's Report and Recommendation, Plaintiff's allegations do not suggest that anyone acted deliberately indifferent to a specific known risk of harm. Because Plaintiff filed this suit pursuant to 28 U.S.C. § 1915, the Court must dismiss this case *sua sponte* based on Plaintiff's failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

After a review of the record, the Magistrate Judge's Report and Recommendation, and the relevant case law, this Court adopts the Magistrate Judge's Report and Recommendation and **DISMISSES** Plaintiff's Complaint without prejudice and without issuance and service of process.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Court Judge

October 3/, 2011
Charleston, South Carolina

3